IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-61 |
| | ) | |
| RALPH VANOVER, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Ralph Vanover's Motion of Aquittal for Invalid Search Warrant [Doc. 54] and Motion to Bring Justice for an Invalid Search Warrant [Doc. 55], both of which were referred [57] to the undersigned on February 13, 2013. The Defendant asks the Court to enter a judgment of acquittal due to a constitutional violation. The Defendant contends that the copy of a search warrant left at his home after a search violates Tennessee Rule of Criminal Procedure 41 because it was not signed or dated by the issuing judge and is not an "exact copy" of the original search warrant. Thus, he argues that the search warrant violates due process and the Fourth Amendment of the United States Constitution. The Defendant states that he brought this matter to the attention of his appointed counsel Jonathan Moffatt but that Mr. Moffatt declined to file a motion on this issue.

By way of background in this case, the Court observes that the Defendant came before the undersigned for an initial appearance and arraignment on May 17, 2011. At that time, the Court appointed Assistant Federal Defender Jonathan A. Moffatt to represent him. The Defendant was

subsequently arraigned on a Superseding Indictment on March 15, 2012. No substantive pretrial motions were filed by the Defendant. The Defendant proceeded to trial on June 26, 2012, and the jury returned a verdict [Doc. 43] on the following day, finding the Defendant guilty of Counts 1 and 3 through 5 and not guilty of Count 6.[1] The Defendant's sentencing hearing is presently scheduled for March 8, 2013.

The Court finds that the Defendant's two motions, seeking a judgment of acquittal based upon the alleged invalidity of the search warrant for the search of his home, should be denied. First, the Defendant's *pro se* motions are in violation of the Local Rules of this Court. The local rules of this Court prohibit a defendant from "appear[ing] or act[ing] in his own behalf in the action or proceeding" while represented by counsel. E.D.T.N. LR 83.4(c). This rule aids both the Court, which does not have to spend time on duplicate and unnecessary filings, and the defendant, who could inadvertently waive his attorney-client privilege in *pro se* filings. Because Defendant Vanover has been continuously represented by Mr. Moffatt since his initial appearance in this case and remains so at this time, he cannot file the instant *pro se* motions.

Second, even if the Defendant could properly file motions in his own behalf, the instant motions for judgment of acquittal are untimely. Rule 29(c)(1) of the Federal Rules of Criminal Procedure provides that a "defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." In the instant case, the jury returned the verdict and was discharged on June 27, 2012. The Defendant's motions filed over seven months later are untimely.

Third, motions to suppress evidence must be raised before trial. Fed. R. Crim. P.

---

[1] Count 2 was dismissed [Doc. 39] on the Government's motion on June 25, 2012.

12(b)(3)(C). A party that fails to raise a suppression issue by the deadline for filing pretrial motions established by the Court, waives that issue. Fed. R. Crim. P. 12(e). Although a court may grant relief from the waiver for good cause, the undersigned finds that the Defendant has not shown good cause in this case. The Defendant alleges that he asked his attorney to raise the issue regarding the search warrant but that his attorney said "he would not argue" it. [Doc. 55, p. 1] Although the Court is not in a position to rule upon the effectiveness of counsel's decision at this time, the decision not to challenge the search warrant appears to be a strategic one. The fact that counsel and the Defendant disagreed with regard to defense strategy is not alone good cause.

Thus, the Court finds that the Defendant's *pro se* motions should be denied for procedural reasons and that it need not reach the substantive issues he raises.[2] The undersigned

---

[2] The Court notes that, assuming arguendo that the contentions in the Defendant's motions are true and that an unsigned, undated copy of the search warrant was left at his house following the search, Sixth Circuit case law states that this is not a Fourth Amendment violation. See United States v. Beals, 698 F.3d 248, 264 (6th Cir. 2012). In Beals, the Defendant argued that his Fourth Amendment rights were violated because an unsigned copy of the search warrant was left at his house in violation of Tennessee Rule of Criminal Procedure 41(d). Id. at 263. The court held that only the Fourth Amendment, and not state law, "applies in federal prosecutions involving evidence seized by state officials." Id. at 264. Accordingly, the court determined that the unsigned search warrant met all the requirements of the Fourth Amendment (it was issued by a neutral and detached magistrate upon a finding of probable cause and described the items sought with particularity) and that the district court properly rejected the defendant's claim that the search warrant was invalid. Id. Thus, it is not " problematic under the Fourth Amendment that the officers executed an unsigned copy of the warrant." Id. at 265.

respectfully **RECOMMENDS** that the Defendant's *pro se* motions for a judgment of acquittal [**Docs. 54 and 55**] be **DENIED**.[3]

>Respectfully submitted,
>
>    s/ C. Clifford Shirley, Jr.
>United States Magistrate Judge

---

[3]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).