UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RALPH VANOVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:11-CR-61-TAV-HBG |
| | ) | 3:15-CV-407-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

The Petitioner, Ralph Vanover ("Vanover"), used his personal residence as a private supermarket for the sale of oxycodone and Xanax pills. Vanover sold pills to law enforcement informants on several occasions. Vanover also allowed other drug dealers to use his residence to make illegal drug sales. Local law enforcement officers, using these controlled buys to establish probable cause, obtained a state search warrant for Vanover's residence, conducted a search, and seized hundreds of controlled substances, pills, firearms, and other evidence of drug trafficking [Doc. 90].[1] In June, 2012, Vanover was convicted by a jury of four counts of distributing controlled substances [Doc. 43].

This Court sentenced Vanover to a bottom end of the guidelines range sentence of 80 months imprisonment [Doc. 75]. In June, 2014, the Court of Appeals for the Sixth Circuit affirmed the convictions and sentence [Doc. 90].

In December, 2015, Vanover filed a Motion to Reduce Sentence [Doc. 112]. In April, 2016, this Court granted the Motion and reduced Vanover's sentence to 65 months [Doc. 114]. As a result, Vanover's release date is now expected to be in early 2017.

---

[1] All citations to the record are found on the docket of case no. 3:11-CR-61-TAV-HBG.

Before the Court now is Petitioner's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 100]. Petitioner claims ineffective assistance of counsel at trial [Doc. 101]. The government filed a response in opposition [Doc. 109], and the Petitioner filed a Reply [Doc. 110].

## I. The § 2255 Motion

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Vanover presents three claims of ineffective assistance of counsel in his § 2255 motion: (1) that counsel failed to challenge the search warrant; (2) that counsel failed to challenge a statement given by Vanover; and (3) that counsel failed to argue that Vanover was wrongly charged with the crimes of others [Doc. 100].

It is the opinion of this Court that none of these claims warrant relief.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not

provide "reasonably effective assistance," *Id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Petitioner has the burden to establish that he is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (Aug. 16, 2010) (recognizing that "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating that

3

"[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief").

### A. The state search warrant

Vanover's initial claim is that the copy of the state search warrant left at his residence at the time the warrant was executed had not been signed by the issuing state magistrate. Petitioner argues that his attorney should have sought to suppress all of the evidence obtained during the execution of the search warrant.

The government argues that it is irrelevant whether Vanover actually received a signed copy of the state search warrant when it was executed. According to the government, the record shows that the warrant was issued by a neutral and detached magistrate, was supported by probable cause, and described with sufficient particularity the place to be searched [Doc. 54-2]. The Court agrees. As such, the requirements of the Fourth Amendment were satisfied in this instance. Accordingly, there was no legitimate basis upon which counsel could have sought to suppress the evidence seized pursuant to the warrant.

Therefore, in the absence of any Fourth Amendment violation, Vanover cannot show that his attorney's performance was ineffective. "Failure to bring a meritless suppression motion cannot constitute ineffective assistance." *Brown v McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (quoting *United States v. Tisdale*, 195 F.3d 70, 73-74 (2d Cir. 1999)). Finally, the Court agrees with the government that even if Vanover could show that counsel rendered deficient performance by not filing a suppression motion, he would not be entitled to relief absent a showing that the motion would have been successful. *Howard v. Bouchard*, 405 F.3d 459, 480-85 (6th Cir. 2005). The Court finds that he has not made such a showing.

4

Vanover has not alleged, and certainly not established, that the warrant lacked probably cause or that the issuing magistrate was not detached and neutral.

In addition to the search warrant itself, Vanover alleges that the officers who conducted the search acted unlawfully in two ways: (1) they found a safe containing drugs "under a pile of brush outside his residence; and (2) they only found the safe because he, Vanover told them where it was. The Court finds, however, that the search warrant allows for a search of Vanover's entire property, including the area outside of the residence where the brush pile was located. Moreover, contrary to his claim that officers could only have found the safe outside his residence once he told them of its location, Officer Brian Yook testified at trial that he found the safe "on [his] own," without being directed to that area by someone else [Doc. 83, Trial Tr. at pg. 689-690].

Based on its complete review of this case, the Court finds that the totality of the evidence of Petitioner's guilt, as presented at trial, included testimony from three separate informants and multiple law enforcement agents. Vanover claims that Officer Bayless, who was present during the search, was not a credible witness. However, most of the evidence seized from Petitioner's property was found and seized by officers other than Officer Bayless, the one officer in this case whom Vanover claims was not credible. This claim is without merit.

### B. Vanover's statement to law enforcement

Petitioner claims that he was not advised of his *Miranda* rights before being interviewed by Officer Bayless and DEA Agent Bethel Poston. He argues that law enforcement agents could not produce a signed waiver of *Miranda* rights and that his

5

attorney should have filed a Motion to Suppress his statement on that basis. Petitioner argues that "someone should have asked [him] to sign a waiver" [Doc. 101]. The government, however, argues that *Miranda* does not require a suspect to sign a form acknowledging that he has been advised of, and is voluntarily waiving, his rights. The Court agrees. In this case, one of the officers involved in the interview testified at trial that Vanover said that he could not read or write well [Doc. 83, Trial Tr. at pg. 731]. This supports the interviewers' decision to not seek a signed waiver form [Doc. 83 at pg. 722-31].

Finally, the Court notes that Vanover claims that his federal arraignment was delayed by his interview by law enforcement. The record shows that Petitioner was interviewed on March 7, 2011, following the execution of a state search warrant at his property. He was charged federally in May, 2011, by Indictment. Vanover then was promptly arrested and arraigned on the federal charges [Docs. 2, 11]. The Court finds no violation of the law in this regard, and therefore, Petitioner's attorney was not ineffective because he did not move to suppress evidence on that basis. This claim is without merit.

### C. Crimes committed by others

Vanover claims that he was "charged with crimes clearly belonging to others" and that his attorney "made no argument to the contrary" [Doc. 100]. The Court, however, agrees with the government that Petitioner has presented no evidence tending to prove his innocence, nor evidence that his attorney had such evidence but refused to use it at trial. A § 2255 Petitioner must set forth sufficient facts that entitle him to relief, *e.g.*, *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). The Court finds that this vague and unsubstantiated claim is without merit.

6

## II. Conclusion

The Court finds that because the claims presented in the Motion [Doc. 100] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, a Judgment will enter **DENYING** the Motion [Doc. 100].

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

7

Case 3:11-cr-00061-TAV-HBG   Document 118   Filed 08/26/16   Page 7 of 7   PageID #: 985