UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-61 |
| | ) | |
| RALPH VANOVER, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Ralph Vanover's *pro se* Motion for Return of Seized Property [Doc. 84], filed on March 31, 2014, and referred [Doc. 85] on April 10, 2014. See 28 U.S.C. §636(b)(1)(B) (providing that a magistrate judge has jurisdiction to recommend the disposition of a motion for post-trial relief by a convicted criminal defendant). The Defendant asks the Court to order the Government to return the property seized during the search of his home on March 7, 2011. He states this unnamed property is unrelated to the crimes for which he was convicted. The Government responded [Doc. 87] on May 16, 2014, and supplemented its response with an affidavit [Doc. 89] on June 16, 2014. The Defendant filed a reply [Doc. 94] on July 14, 2014. On September 26, 2016,[1] the Defendant filed a supplemental reply [Doc. 121] to the Government's response, retracting his request for the return of all property with the exception of three pocket knives and surveillance equipment.

---

[1] In between the filing of his initial reply on July 14, 2016, and the supplemental reply on September 26, 2016, the Defendant litigated a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual and a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The former was granted [Doc. 114] and his sentence was reduced to sixty-five (65) months and the latter was denied [Docs. 118 and 119].

Case 3:11-cr-00061-TAV-HBG   Document 123   Filed 11/18/16   Page 1 of 11   PageID #: 1001

The Court finds that (1) the majority of the property in the Government's possession is contraband, (2) the seized currency is already the subject of a state forfeiture settlement, (3) the Government agrees to return the Defendant's surveillance equipment and pocket knives, and (4) the remainder of the property is not, nor was it ever, in the Government's possession. For the reasons stated herein, the Court recommends that the Defendant's request for return of the pocket knives and surveillance equipment be granted and that his motion be denied in all other respects.

### I. BACKGROUND AND POSITIONS OF THE PARTIES

Defendant Vanover was indicted [Doc. 1] on May 3, 2011, for possession of oxycodone with intent to distribute and possession of firearms in furtherance of a drug trafficking crime, both of which were alleged to have occurred on March 7, 2011. On March 6, 2012, the Government filed a Superseding Indictment [Doc. 16] that added four counts[2] of distribution of oxycodone and alprazolam. Following a trial before a jury, the Defendant was convicted [Doc. 43] of one count of aiding and abetting the distribution of oxycodone, two counts of distributing oxycodone and alprazolam, and one count of possession of oxycodone with intent to distribute. The jury found him not guilty of the firearms offense. A Judgment [Doc. 75] of conviction was entered on April 23, 2014, sentencing the Defendant to eighty months of incarceration. The Defendant appealed [Doc. 77] his sentence, which was affirmed [Doc. 90] by the Court of Appeals for the Sixth Circuit on June 26, 2014.

Pursuant to Federal Rule of Criminal Procedure 41(g), the Defendant asks [Doc. 84] the Court to order the Government to return the property seized during the search of his

---

[2] One of these additional counts was later dismissed [Doc. 39] at the Government's request.

2

Case 3:11-cr-00061-TAV-HBG   Document 123   Filed 11/18/16   Page 2 of 11   PageID #: 1002

home on March 7, 2011. He argues that the property is unrelated to the crimes of which he was convicted.

The Government responds [Docs. 87 and 89] that some of the Defendant's property was seized by the Eighth Judicial District Drug Task Force for use in the Defendant's federal case but the remainder was seized by state law enforcement agencies, has never been the subject of a federal investigation or prosecution, and is not in federal custody. Of the property that is in federal custody, the Government contends that it will return the Defendant's knives and surveillance equipment[3] but that the remainder of this property cannot be returned to the Defendant because it is contraband or, in the case of the United States currency, has already been the subject of a forfeiture settlement. In support of the latter, it provides an Order of Compromise and Settlement [Doc. 87-2], which awards $7,691 to the Eighth Judicial District Drug Task Force and $1,000 to the Defendant.

The Defendant initially replied [Doc. 94] that the United States, acting through the Eighth Judicial District Drug Task Force, is responsible for the execution of the search warrant at his residence and, therefore, is responsible for all the property seized therefrom. He argued that the Court should direct the Government to return all of the property, including currency, that is not contraband, that was seized by the joint federal, state, and local task force. The Defendant now [Doc. 121] states that he no longer requires the Government to return property in state custody and not used in his federal prosecution. Instead, he says that he will seek the return of these items in state court. He continues to request the return of his pocket

---

[3] The Government initially argued [Doc. 87] that it has an evidentiary interest in this property because the case was on appeal. Since the filing of the Defendant's motion, the United States Court of Appeals for the Sixth Circuit has ruled [Doc. 90] in the Defendant's case. That ruling has become final [Doc. 75], and the Defendant has not sought to appeal that ruling. Accordingly, it appears that the Government no longer retains an evidentiary interest in this property.

3

knives and surveillance equipment, asking the Court to set a time for the Government to return these items.

Although the parties now appear to be in agreement that only the pocket knives and surveillance equipment must be returned by the Government, given the lapse of time between the Defendant's motion and his supplemental reply, the Court briefly reviews his initial arguments with regard to both the items used as federal evidence and the state-seized property.

## II. FACTS

The Court has reviewed the trial testimony in this case [Docs. 82 and 83], the testimony from the Defendant's sentencing hearing [Doc. 79], the affidavit of Task Force Officer Melvin Bayless [Doc. 89-1], the Item Seized Report [Doc. 89-1], and the Order of Compromise and Settlement [Doc. 87-2] presented by the Government and makes the following findings of fact:

(1) During the time relevant to this motion, the Eighth Judicial District Drug Task Force was comprised of three law enforcement officers who coordinate and assist with drug investigations over a five-county area in East Tennessee. [Doc. 82, pp. 35-36] The investigation of Defendant Vanover began when officers in the Eighth Judicial District Drug Task Force received information that he was dealing drugs from his residence. [Docs. 82, p. 41; 83, p.74] Task force officers interviewed informants about the Defendant and supervised controlled buys from the Defendant by informants and their associates. [Doc. 82, pp. 41-55, 79]

(2) On March 7, 2011, the Eighth Judicial District Drug Task Force, the Claiborne County Sheriff's Department, the Drug Enforcement Administration (DEA), the Bureau of Alcohol, Tobacco, and Firearms (ATF), the Tennessee Bureau of Investigation, and the Tennessee Highway Patrol executed a state search warrant at the Defendant's residence. [Doc. 83, p.70] Numerous law enforcement agencies were involved in the search because they were searching a large piece of property containing a house, a trailer, and out buildings, as well as a junkyard with numerous vehicles. [Doc. 83, pp.39-42, 44, 70, 72]

(3) The executing officers seized controlled substances and drug paraphernalia, firearms and ammunition, knives, televisions, an X-box 360 gaming system, a radio, a guitar, two air compressors, a wood chipper, a chain saw, a global positioning system (GPS), surveillance cameras and equipment, United States

currency, drug ledgers and receipts, bills, an all-terrain vehicle, two motorcycles, a welder, and drill bits. [Doc. 89-1]

(4) Following the search of the Defendant's residence, Task Force Officer Melvin Bayless, assisted by Drug Enforcement Administration (DEA) agents, presented the drug and firearms case to the United States Attorney's Office for prosecution. [Doc. 89-1] As a result, a federal grand jury returned an Indictment against the Defendant on May 3, 2011. [Doc. 1]

(5) The following items seized from the Defendant's home were used in the Defendant's federal investigation and prosecution: Various pills and pill bottles, five suboxene patches, marijuana, rolling papers, scales, cash, drug ledgers and receipts, a bill for a cellular telephone, cameras and monitoring system, firearms, ammunition, and three pocket knives. [Doc. 89-1] All of these items[4] were admitted as evidence in the Defendant's federal trial and, with the exception of the currency, are currently in the custody of the Eighth Judicial District Drug Task Force. [Doc. 89-1]

(6) The remaining items seized from the Defendant's home were seized by state authorities. [Doc. 89-1] These items were not used in the Defendant's federal prosecution and have never been in the possession of a federal agency or the Eighth Judicial District Drug Task Force. [Doc. 89-1]

(7) On August 26, 2011, the Tennessee Department of Safety issued an Order of Compromise and Settlement [Doc. 87-2] directing that $7,691 of the currency confiscated from Ralph Vanover on March 7, 2011, be forfeited to the Eighth Judicial District Drug Task Force and that $1,000 be restored to Ralph Vanover. The Order states that a copy was served, via first class mail, on the Defendant's attorney, Michael G. Hatmaker. [Doc. 87-2]

### III. ANALYSIS

Rule 41(g), formerly Rule 41(e), of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return . . . in the district where the property was seized." The Rule also states that "[t]he court must receive evidence on any factual issue necessary to decide the motion." "'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have

---

[4] Photographs of the pocket knives and surveillance equipment were admitted instead of the items themselves.

5

terminated.'" Savoy v. United States, 604 F.3d 929, 932 (6th Cir. 2010) (quoting United States v. Hess, 982 F.2d 181, 186 (6th Cir.1992)). "[T]he burden is on the moving party to show that he or she is entitled to lawful possession of the property." 3A Charles Allen Wright & Sarah N. Welling, Federal Practice and Procedure § 690 (4th ed. 2010); see also Savoy, 604 F.3d at 932-33. The movant must demonstrate that he or she is entitled to the property by the preponderance of the evidence. Wright & Welling, supra, § 690. The Court will examine the Government's obligation to return the property seized by the Eighth Judicial District Drug Task Force and subsequently used in the Defendant's federal case (the federal evidence) and the remaining property seized by state authorities.

### A. Federal Evidence

The Court finds that the following property seized from the Defendant's home on March 7, 2011, was retained by the Eighth Judicial District Drug Task Force, or other federal agency, for use in the Defendant's federal trial: Various pills and pill bottles, five suboxene patches, marijuana, rolling papers, scales, cash, drug ledgers and receipts, a bill for a cellular telephone, cameras and monitoring system, firearms, ammunition, and three pocket knives. The Court finds that the majority of this property—the controlled substances, drug paraphernalia, firearms,[5] and ammunition—is contraband and cannot be returned to the Defendant. United States v. Droganes, 728 F.3d 580, 592 (6th Cir. 2013) (observing that "individuals have no

---

[5] The Sixth Circuit has deemed firearms to be well-recognized tools of the drug trade. United States v. Marino, 658 F.2d 1120, 1123 (6th Cir. 1981); see also United States v. Case, No. 2:07-CR-111, 2008 WL 4865967, *9 (E.D. Tenn. Nov. 10, 2008) (incorporating report of Magistrate Judge Dennis H. Inman, who reasoned that given the relationship between guns and drugs, the guns were "obviously contraband" that could be seized pursuant to the plain view exception to the warrant requirement). In the instant case, the Defendant does not object to the Government's classification of the firearms and ammunition seized from his residence as contraband, even though he was acquitted of the firearms charge.

property interest in contraband" in the context of a rule 41(g) motion for the return of property), cert. denied 134 S. Ct. 2287 (2014). The Defendant concedes as much.

The Defendant argues that the Government has retained his $8,691 without cause.[6] The Government argues that the Order of Compromise and Settlement reveals that all but $1,000 of the currency has been forfeited to the Eighth Judicial District Drug Task Force and that the remaining $1,000 has been returned to the Defendant. The Court finds that the Order of Compromise and Settlement shows that the Defendant's attorney, Mr. Hatmaker, was involved in settling the matter of the forfeiture of the currency on behalf of the Defendant. The Defendant acknowledges that Mr. Hatmaker[7] was his attorney and claims that Mr. Hatmaker did not notify him of the outcome of the forfeiture proceedings. Although the Defendant may now be dissatisfied with Mr. Hatmaker's representation in the forfeiture proceedings, that is not a matter before this Court. The individual seeking the return of property pursuant to Rule 41(g) bears the burden of demonstrating that he or she is lawfully entitled to it. Savoy, 604 F.3d at 932-33; United States v. Headley, 111 F. App'x 808, 809 (6th Cir. 2004) (observing that the defendant made nothing more than a "bald assertion" that the property was his). Here, the Court finds the evidence in the record with regard to the ownership of the currency is that $7,691 has been forfeited by the state of Tennessee to the Eighth Judicial District Drug Task Force and $1,000 has already been returned to the Defendant's representative. Thus, the Government is not in a position to return the currency.

---

[6] In his July 2014 reply, the Defendant states that he has never seen the Order of Compromise and Settlement and did not receive the $1,000, which the Order provides was awarded to him. He maintains that Attorney Hatmaker never informed him of the Order and that he is currently engaged in litigation before the Tennessee State Bar Association against Mr. Hatmaker. He asks the Court to order the Government to return the entire amount to him and then it may seek the $1,000 from Mr. Hatmaker.

[7] Mr. Hatmaker was not the Defendant's attorney in his federal case.

Finally, the Government agrees to return Defendant's surveillance equipment and three pocket knives, now that these items are no longer needed for the prosecution of the case.[8]

### B. State-Seized Property

The Court finds that the following property seized from the Defendant's home on March 7, 2011, was seized by local or state law enforcement and was not used in the Defendant's federal trial: Televisions, a videogame system, a guitar, a radio, two air compressors, a wood chipper, a chain saw, a global positioning system (GPS), an all-terrain vehicle, two motorcycles, a welder, and drill bits. The Court finds that this property was never in the possession of a federal agency or the Eight Judicial District Drug Task Force. The Government cannot return property which it does not now have, nor ever had. United States v. Oguaju, 107 F. App'x 541, 542-43 (6th Cir. 2004) (affirming dismissal of motion for return of property when the property was "seized and forfeited by the State of Michigan[,]" the defendant had "adequate notice of the forfeiture proceedings[,]" and the property was never "in possession of a federal government agent or agency"); United States v. Obi, 100 F. App'x 498, 499 (6th Cir. 2004) (denying motion for return of property because the record is devoid of evidence the property was ever in the possession of the federal government).

The Defendant appears to espouse a constructive possession theory, arguing that because TFO Bayless was in charge of executing the single search warrant at his residence, "the United States should not be allowed to use their alphabet-soup of agencies and inter-agencies to deprive Vanover of his property." [Doc. 94, p.2] The Court of Appeals for the Tenth Circuit has recognized that

---

[8] The Defendant does not address the return of the drug ledgers and receipts or his cellular telephone bill. The Court finds that the value of these items is minimal and deems the Defendant to be no longer seeking their return, if he ever was.

> "there are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity."

United States v. Copeman, 458 F.3d 1070, 1071 (10th Cir. 2006) (quoting Clymore v. U.S., 161 F.3d 569, 571 (10th Cir. 1999)); see also United States v. Hayden, No. 99–20011, 2009 WL 3872146, *2 (E.D. Mich. Nov. 18, 2009) (citing to Copeman and recognizing that a federal agent can be in either actual or constructive possession of property seized in a criminal case). Defendant Vanover seems to take the position that all the officers involved in executing the search warrant were essentially agents of TFO Bayless, who ultimately assisted in Vanover's federal prosecution.

"[T]he fact that federal and state authorities are working pursuant to a joint task force does not necessarily mean that there was a federal authorization or an agency relationship between federal and state authorities." United States v. Williams, No. 1:07–CR–06, 2010 WL 1752530, *1 (W.D. Mich. Apr. 27, 2010). This is because joint task force officers are deemed to be working "*with* the federal government, not *for* the federal government." Id. (emphasis added). In Williams, the defendant convicted of a drug conspiracy moved for the return of property pursuant to Rule 41(g). Id. The district court held that the government was not in constructive possession of $266 in currency, certain electronics, and other personal property seized from the defendant's home. Id. at *1-2. The court found the following facts to support this finding: The seizure arose from a joint federal and state investigation into drug trafficking; the state task force agents worked as equal and independent partners in the investigation, not merely as FBI agents; the property was seized pursuant to a state search warrant obtained by a local detective; the

9

property was never in the custody of federal agents; state officers seized the property in order to forfeit it; and the FBI agent assisting with the search did not seize any evidence. Id. at 2.

Comparing the facts relevant in Williams to the instant case reveals that the federal Government is not in constructive possession of the property that was not used in the Defendant's federal case. First, the Court finds that the seizure of this property was pursuant to a state search warrant. Second, although TFO Bayless headed up the investigation, it appears that federal agents were involved in the execution of the search warrant merely because of the need for additional manpower to search the large property. Third, TFO Bayless brought the case to the attention of the United States Attorney's Office well after the search. Fourth, like in Williams, the state-seized property was never in the custody of federal agents. Finally, none of this property was used as evidence in the Defendant's federal prosecution.[9] Weighing all of these facts, the Court finds that the United States was not in constructive possession of the state-seized property.

Accordingly, Defendant Vanover has failed to demonstrate by a preponderance of the evidence that the United States constructively possessed the state-seized property on the facts of this case. The undersigned recommends that the Defendant's request for the return of property seized by state authorities and not used in his federal case be denied.

## IV. CONCLUSION

After carefully considering the motion, response, supplemental briefs, exhibits, evidence in the case, and relevant legal authorities, the Court concludes

> (1) The Defendant is not entitled to the return of controlled substances, drug paraphernalia, firearms, or ammunition because these items are contraband;

---

[9] All of the evidence/property used in the Defendant's federal case is discussed in section III, A, of this Report and Recommendation.

(2) The United States cannot return the $8,691 in United States currency because $7,691 has been forfeited to the Eighth Judicial District Drug Task Force pursuant to state forfeiture proceedings and $1,000 has been returned to the Defendant through his representative;

(3) The Government has agreed to return the Defendant's surveillance equipment and pocket knives. The Court recommends that these items be returned to the Defendant or the Defendant's designated representative within thirty days of the Chief District Judge's ruling; and

(4) The United States cannot return the property seized by state authorities because that property is not, nor was it ever, in the possession of the United States. Moreover, the Court finds that the United States was not in constructive possession of that property.

For the reasons set forth herein, it is **RECOMMENDED** that the Defendant's *pro se* Motion for Return of Seized Property [**Doc. 84**] be **GRANTED in part** in that the Government be ordered to return the Defendant's surveillance equipment and pocket knives and **DENIED in all other respects**.[8] The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to the Defendant at the address listed in his letter [Doc. 122] of November 10, 2016, requesting an update on the status of this motion.

Respectfully submitted,

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[8] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).

11